*174 OPINION.
Smith:
In this proceeding the petitioner contends that the Commissioner erred in adding to the net income reported by him amounts credited to his three sons for the year 1919, under the agreement dated January 1, 1919. It appears that the petitioner originally contended that a portion of the partnership profits to which he became entitled constituted no part of his income by reason of the agreement. We think that the entire amount of partnership profits to which the petitioner became entitled for the year 1919, as a result of being a member of two partnerships, constituted income to him, and that the agreement of January 1, 1919, does not warrant the petitioner’s failure to include in his gross income any part of the partnership profits so accrued to him. Appeal of Ormsby McKnight Mitchel, 1 B. T. A. 143; Mitchell v. Bowers, 9 Fed. (2d) 414. The sons were not made members of the partnerships. We also think that the petitioner was required to include in his gross income the dividends, if any, which he received during the year 1919 upon his shares of stock in the Stahl Wall Paper Co., Inc., of Richmond, Va.
But it is the contention of the petitioner that if a proportionate amount of the partnership profits set aside for the benefit of his sons must be included in his gross income he is entitled to deduct therefrom the amounts placed to the credit of his sons upon his books of account as additional compensation paid to them under the agreement of January 1, 1919; that the sons were receiving inadequate compensation for services performed and that the agreement was *175 entered into in lieu of paying to them outright a larger amount of money than they had received during the preceding year.
The taxing statute permits an individual to deduct from gross income in his income-tax return:
All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * * (Section 214(a) (1), Revenue Act of 1918.)
This language is explicit and unambiguous. The simplicity of the language should be preserved in its interpretation. The petitioner paid his sons certain amounts to compensate them for their services. The amounts that were actually paid undoubtedly constituted ordinary and necessary expenses of doing business. The father was, however, interested in the future welfare of his sons and desired that they should marry girls of Jewish parentage. In order to accomplish this result, the agreement of January 1, 1919, was entered into. The agreement was not solely one of compensation for services rendered. We think that amounts set aside by the petitioner upon his books of account in fulfillment of the agreement were not ordinary and necessary expenses of the individuál in the conduct of his business.

Judgment will be entered for the Commissioner.

Phillips concurs in the result only.